```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JUAN HOWARD, pro se,                                :
                                                    :
                          Plaintiff,                :
                                                    :
              -against-                             :
                                                    :
NEW YORK STATE DIVISION OF PAROLE,                  :
STATE OF NEW YORK DEPARTMENT OF                     :    MEMORANDUM AND ORDER
CORRECTIONS & COMMUNITY SUPERVISION;                :       15-CV-5317 (DLI)(SJB)
ANTHONY J. ANNUCCI, Commissioner;                   :
TINA M. STANFORD, Chairwoman;                       :
ADMINISTRATIVE LAW JUDGE JOHN DOE;                  :
SENIOR PAROLE OFFICER WATKINS; LINDA                :
JEFFRIES, Supervisor; NICHOLAS PIERCE, Parole       :
Officer; and NEW YORK CITY DEPARTMENT OF            :
CORRECTION,                                         :
                                                    :
                          Defendants.               :
------------------------------------------------------------------ x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff Juan Howard ("Plaintiff"), proceeding *pro se*, brings this action under 42 U.S.C. § 1983 ("Section 1983"), alleging that he was held in custody beyond his maximum sentence in violation of his constitutional rights. Plaintiff's application to proceed *in forma pauperis* is granted. For the reasons that follow, Plaintiff's claims against Defendants the New York State Division of Parole, Department of Corrections and Community Supervision; Tina M. Stanford, Chairwoman of the New York State Board of Parole; Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision; Administrative Law Judge John Doe; and the New York City Department of Correction are dismissed. Plaintiff's request for prospective injunctive relief is denied. Plaintiff is granted leave to file an amended complaint against Defendants Senior Parole Officer Watkins, Supervisor Linda Jeffries, and Parole Officer Nicholas Pierce NO LATER THAN OCTOBER 26, 2018.

**BACKGROUND**

In February 2010, Plaintiff "was sentenced to an indeterminate term of 1 1/2 to 3 years" for grand larceny, "and to a determinate term of 3 years [state] prison to be followed by 2 years Post Release Supervision" for the sale of a controlled substance. Compl. at 4.[2] On or about April 28, 2011, he was released from Mid-State Correctional Facility after serving two years and three months of that sentence. *Id.* Plaintiff states that in December 2013, he was labeled a "chronic violator of parole supervision" by an Administrative Law Judge, who sentenced Plaintiff to "a term of imprisonment until he reaches his maximum expiration date." *Id.* In January 2014, Plaintiff was sentenced in Bronx Criminal Court to a one year term of imprisonment for petit larceny, to run concurrently with the parole violation sentence. *Id.* Plaintiff served both sentences from December 6, 2013 to May 24, 2014 at the Anna M. Kross Center ("AMKC") on Rikers Island. *Id.*

Plaintiff states that in March 2014, he "reached his maximum expiration date on his original sentence but remained incarcerated past this maximum expiration date." Compl. at 4. "[R]ealizing that his maximum expiration date had come and went, [Plaintiff] inquired of a captain as to why he hasn't been released on his maximum expiration date. The captain, after inquiry discovered that New York State Department of Corr. and Community Supervision still had an active warrant lodged against Plaintiff and as such he could not be released from custody." *Id.*

In April 2014, Plaintiff contacted a supervisor at the Legal Aid Society, who "learned that the Department of Corr. and Community Supervisions [sic] records indicate a maximum expiration

---

[2] For ease of reference the Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

date of December 2014." *Id.* at 5.  Plaintiff then "contacted the New York State Department of Corrections and Community Supervision himself via the telephone, outlining the discrepancy, the people at the Dept. assured [him] they would look into the matter." *Id.*

On or about May 24, 2014, Plaintiff was released from custody.  Compl. at 5.  Plaintiff argues in the instant action that he was "held illegally in excess of 33 days on Rikers Island A.M.C.K. [sic] C-95 Correctional Facility, where he suffered physically due to the conditions at the facility from inadequate hygiene to abnormal bedding and temperatures; and the emotional stress of telling his family that they should prepare for release and everyday this release didn't materialize his family and children were devestated [sic]." *Id.*  Plaintiff seeks money damages and prospective injunctive relief for "a centralized system be put in place where inmates can call [and] get their issues pertaining to expiration handled promptly." *Id.* at 8.

## STANDARD OF REVIEW

A district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A.  However, a district court shall dismiss an *in forma pauperis* action when it is satisfied that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).  A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Nonetheless, *pro se* complaints are held to less

3

stringent standards than pleadings drafted by attorneys, and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

**DISCUSSION**

**I.     The New York State Division of Parole**

The New York State Division of Parole, Department of Corrections and Community Supervision ("State Parole Division") is an agency or arm of the State of New York. The Eleventh Amendment to the United States Constitution bars federal court claims against states, absent their consent to such suit or an express statutory waiver of sovereign immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). Therefore, the State Parole Division is immune from a suit for money damages. *See*, *e.g.*, *McCloud v. Jackson*, 4 F. App'x 7, 10 (2d Cir. 2001) (dismissing plaintiff's claims against the State Parole Division because the Eleventh Amendment bars suits against states or state agencies); *Benjamin v. Lemons*, No. 10-cv-4067 (SLT)(JMA), 2010 WL 3746726, at *3 (E.D.N.Y. Sept. 17, 2010) (claim against the New York Board of Parole barred by the Eleventh Amendment); *Coleman v. City of New York*, No. 03-cv-4921 (DLI)(LB), 2009 WL 705539, at *4 (E.D.N.Y. Mar. 16, 2009) ("The Eleventh Amendment bars plaintiff's § 1983 suit against the New York State Division of Parole as it is a state agency."). Accordingly, Plaintiff's claims against the State Parole Division are dismissed with prejudice.

**II.    The City of New York Department of Correction**

Plaintiff's claims against the City of New York Department of Correction ("DOC") also cannot proceed. The New York City Charter provides that: "[a]ll actions and proceedings for the

recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009).[1]  Courts construe this provision to mean that New York City departments and agencies, as distinct from the City itself, cannot be sued. *See Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008); *Adams v. Galletta*, 966 F. Supp. 210, 212 (E.D.N.Y. 1996) (holding that DOC is not a suable entity); *Campbell v. New York City*, No. 12-cv-2179 (CBA), 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2013) (dismissing all claims against the New York City Police Department and DOC as "non-suable" entities).  Accordingly, these claims are dismissed with prejudice.

### III.  Administrative Law Judge John Doe

Plaintiff's claims against Administrative Law Judge John Doe (the "ALJ") also are foreclosed.  The ALJ allegedly sentenced Plaintiff to the term of imprisonment he now contests. *See* Compl. at 4.  Absolute immunity extends to administrative officials performing functions closely associated with the judicial process, including officials who preside over parole revocation hearings, as the ALJ did here. *See Montero v. Travis,* 171 F.3d 757, 760-61 (2d Cir. 1990); *Boddie v. New York State Div. of Parole*, No. 08-cv-911 (KAM)(LB), 2009 WL 1033786, at *6 (E.D.N.Y. Apr. 17, 2009); *Moore v. Birmingham*, No. 06-cv-12896 (LTS)(DFE), 2009 WL 413219, at *4 (S.D.N.Y. Feb. 13, 2009).  Moreover, Plaintiff cannot seek injunctive relief against the ALJ because the Federal Courts Improvement Act of 1996 bars all claims for injunctive relief against a judicial officer for a judicial action or omission "unless a declaratory decree was violated or declaratory relief was unavailable," which is not the case here. Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983).

---

[1] Available at http://www.nyc.gov/html/charter/downloads/pdf/citycharter2009.pdf.

5

*See also Rodriguez v. Trager*, No. 10-cv-781 (ARR)(LB), 2010 WL 889545, at *2 (E.D.N.Y. Mar. 8, 2010). Therefore, Plaintiff's claims against the ALJ are dismissed with prejudice.

IV.  **Senior Parole Officer Watkins, Supervisor Linda Jeffries, and Parole Officer Nicholas Pierce**

Plaintiff brings his claims pursuant to Section 1983. A plaintiff must allege two essential elements in a Section 1983 action. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* "Section 1983 itself creates no substantive rights, [but] provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

Furthermore, in a civil rights action, a plaintiff must demonstrate each defendant's direct or personal involvement in the actions that are alleged to have deprived the plaintiff of his constitutional rights. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1991); *Holmes v. Kelly*, No. 13-cv-3122 (DLI)(VMS), 2014 WL 3725844, at *2 (E.D.N.Y. July 25, 2014); *Kneitel v. Hynes*, No. 11-cv-2883 (NGG)(VVP), 2011 WL 2747668, at *2 (E.D.N.Y. July 13, 2011). A plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Here, Plaintiff names Senior Parole Officer Watkins ("Watkins"), Supervisor Linda Jeffries ("Jeffries"), and Parole Officer Nicholas Pierce ("Pierce") in the case caption, but does not allege sufficiently that they had direct involvement with, knowledge of, or responsibility for the alleged deprivation of Plaintiff's civil rights. However, in light of this Court's duty to construe *pro se* complaints liberally, Plaintiff shall be given leave to amend his claims against Watkins, Jeffries,

and Pierce to demonstrate how they were personally involved in allegedly depriving Plaintiff of his constitutional rights. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

## V. Tina M. Stanford and Anthony Annucci

Plaintiff's claims against Tina M. Stanford, Chairwoman of the New York State Board of Parole ("Stanford"), and Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision ("Annucci"), similarly fail to demonstrate how they were involved personally in allegedly depriving Plaintiff of his constitutional rights. In addition, because there is no *respondeat superior* or vicarious liability under Section 1983, liability under Section 1983 generally cannot be imposed on a supervisor solely based on his supervisory position. *See*, *e.g.*, *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003); *King v. Warden*, No. 13-cv-5307 (ARR), 2013 WL 5652756, at *2 (E.D.N.Y. Oct. 11, 2013). The claims against Stanford and Annucci are brought against them in their supervisory positions. Accordingly, these claims are dismissed with prejudice.

## CONCLUSION

Plaintiff's claims against the State Parole Division, Stanford, Annucci, the ALJ, and DOC are dismissed. No summonses shall issue as to these defendants and the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants. Plaintiff's request for prospective injunctive relief is denied.

In order to proceed with his claims against Watkins, Jeffries, and Pierce, Plaintiff must file an amended complaint against them NO LATER THAN OCTOBER 26, 2018. The amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and must include

7

all relevant dates.  In the amended complaint, Plaintiff must set forth factual allegations to support his claims against each individual, and must describe how each was involved personally in the alleged deprivation of Plaintiff's constitutional rights.  Failure to do so will result in the dismissal of the amended complaint with prejudice.

The amended complaint must be captioned as an "Amended Complaint," name only Senior Parole Officer Watkins, Supervisor Linda Jeffries, and Parole Officer Nicholas Pierce as defendants, and bear the same docket number as this Order.  No summonses shall issue at this time and all further proceedings shall be stayed until October 26, 2018.  If Plaintiff fails to file an amended complaint timely, his case shall be dismissed with prejudice.  For the convenience of *pro se* Plaintiff, "Instructions on How to File an Amended Complaint" are attached.  In addition, information concerning the Federal Pro Se Clinic or Legal Assistance Project is attached.  Plaintiff is encouraged to consult with the staff at the Federal Pro Se Clinic for assistance in filing the Amended Complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  Brooklyn, New York
       September 26, 2018

/s/
DORA L. IRIZARRY
Chief Judge